IN the MATTER OF the ESTATE OF Diane E. JACKSON,
Deceased:

James Earl JACKSON, Appellant,

v.

Sidney GRAY, Personal Representative of the Estate of
Diane E. Jackson, and the children of Diane E. Jack-
son, Respondents.†

Court of Appeals

No. 93–2308. Submitted on briefs June 7, 1994.—Decided July
19, 1994.

(Also reported in 521 N.W.2d 173.)

†Petition to review denied.

On behalf of the appellant, the cause was submitted on the briefs of *Leonard V. Brady* of *Christian Legal Services, Ltd.*, of Milwaukee.

On behalf of the respondents, the cause was submitted on the briefs of *Daniel J. Cook* of Milwaukee.

Before Wedemeyer, P.J., Fine and Schudson, JJ.

FINE, J. James Earl Jackson appeals from an order of the trial court disqualifying him as an heir of his wife, Diane Jackson, as the result of his conviction for first-degree reckless homicide in her death, *see* § 940.02(1), STATS. Jackson argues that he was entitled to an evidentiary hearing pursuant to § 852.01(2m)(br), STATS., to determine his qualification to inherit. We agree and reverse.

Ms. Jackson did not leave a will. Mr. Jackson, as her spouse, would normally, therefore, be entitled to inherit a portion of her estate, with the rest going to her children from a first marriage. *See* § 852.01(1)(a)2 & (b), STATS. Ms. Jackson's children sought an order disqualifying Jackson as an heir. The trial court granted the children's motion without an evidentiary hearing. Jackson contends that this was error.

Section 852.01(2m), STATS., provides in relevant part:

> REQUIREMENT THAT HEIR NOT HAVE INTENTIONALLY KILLED THE DECEASED. (a) If any person who would otherwise be an heir under sub. (1) has unlawfully and intentionally killed the decedent, the net estate not disposed of by will passes as if the killer had predeceased the decedent.

(b)   A final judgment of conviction of unlawful and intentional killing is conclusive for purposes of this subsection.

. . . .

(br)   In the absence of a conviction under par. (b) . . . the court, on the basis of clear and convincing evidence, may determine whether the killing was unlawful and intentional for purposes of this subsection.

The trial court determined that § 852.01(2m)(b) applied, and that the judgment of conviction for first-degree reckless homicide conclusively prohibited Jackson from inheriting because, in the trial court's view, it demonstrated an "unlawful and intentional killing." Jackson argues that the judgment of conviction cannot be conclusive; he contends that subsection (2m)(b) applies only to killings where intent is an element of the crime, and that intent is not an element of first-degree reckless homicide. *See* § 940.02(1), STATS. He thus argues that he was entitled to an evidentiary hearing to determine whether the "killing was . . . intentional." Section § 852.01(2m)(br), STATS. We agree.

"[T]he criminal offense of reckless homicide does not by itself disqualify a beneficiary from inheritance" because that offense does not require the element of intent. *In re Safran*, 102 Wis. 2d 79, 81, 91-93, 306 N.W.2d 27, 28, 33- 34 (1981).[1] Although the legislature

---

[1] The defendant in *Safran* was convicted of homicide by reckless conduct, *see* § 940.06, STATS. (1981-82) (analogous to the present day second-degree reckless homicide, *see* § 940.06, STATS.). The current first-degree reckless homicide statute contains all of the elements of § 940.06 (1981-82), plus the requirement that the state prove a defendant-caused the death "under circumstances which show utter disregard for human

enacted § 852.01(2m), STATS., after *Safran* was decided, the enactment did not alter this holding of *Safran*. Indeed, the legislature's incorporation of "intent" into the statute confirms the holding. Jackson's conviction for reckless homicide was not conclusive for the purposes of § 852.01(2m), STATS., and Jackson was thus entitled to an evidentiary hearing pursuant to § 852.01(2m)(br). *Cf. Safran*, 102 Wis. 2d at 98, 306 N.W.2d at 36 (remanding for an evidentiary hearing on intent).

*By the Court.*—Order reversed and cause remanded.

---

life." Section 940.02(1), STATS. On its face, this additional element does not require proof of intent to kill.